## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

FILED
U.S. DISTRICT COURT

2010 FEB 23 P 1: 23

DISTRICT OF UTAH

BY
DEPUTY CLERK

| | |
|---|---|
| Garry P. Isaacs | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| Randy Wells, | ) |
| Darrin Sweeney, and | ) |
| Bradley B. Wells, dba | ) |
| Highpointe Homes, LLC, | ) |
| Vapocom LLC, and | ) |
| Highpointe Companies LLC (The) | ) |
| | ) |
| Defendants | ) |

Case: 2:10cv00162
Assigned To : Kimball, Dale A.
Assign. Date : 2/23/2010
Description: Isaacs v. Wells et al

### VERIFIED COMPLAINT

Garry P. Isaacs, patent owner ("plaintiff") herewith brings this civil action and states the following claims for relief:

### SUMMARY OF CLAIMS

This is a civil action for infringement of United States Patent #6,905,537 in which damages and injunctive and other equitable relief are sought.

### PARTIES

1. Garry P. Isaacs is an individual with principal residence located in Orem, Utah.

2.     A. Highpointe Companies LLC (The) is an Idaho company owned by Darrin Sweeney and Bradley B. Wells. Their last known address was 3925 East 132 North, Rigby, Idaho 83442-5891

    B. Highpointe Homes LLC are limited liability companies registered in the State of Idaho. Their last known address was 3925 East 132 North, Rigby, Idaho 83442-5891

    C. Vapocom LLC is an Idaho Company owned by Darrin Sweeney, Bradley B. Wells and Randy Wells. Their last known address was 3925 East 132 North, Rigby, Idaho 83442-5891

1

D. Bradley B. Wells is an adult resident citizen of the State of Idaho. His last known address was 3925 East 132 North, Rigby, Idaho 83442;

E. Darrin Sweeney is an adult resident citizen of the State of Idaho. His last known address was 3935 East 144 North, Rigby, Idaho 83442-5895

F. Randy Wells is an adult resident citizen of the State of Utah. His last known address was 9045 South 260 East, Sandy, Utah 84070

## JURISDICTION

3. The instant claims are predicated on infringement of a patent issued by the United States Patent Office. Accordingly, this Court has subject matter jurisdiction of the instant civil action pursuant to 28 U.S.C. § 1338.

## FACTS

4.    A. On June 14, 2005, United States Letters Patent No. 6,905,537 B1 were issued to the plaintiff for an invention in a Machine and Process for Filterless Removal of Particles and Organisms from Ambient Air, Carpets and Furnishings (air purification systems). The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

B. The defendant has infringed and is still infringing the Letters Patent by making, selling and using air purification systems that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

C. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all air purification systems it manufactures and sells and has given the defendant written notice of the infringement.

## COUNT I

### Patent Infringement: Injunctive Relief

5. Pursuant to 35 U.S.C. § 283, plaintiff, upon the facts set forth in this Complaint, is entitled to injunctive relief prohibiting defendants from further infringement of the Patent and enjoining any operation of the infringing device or any manufacture or sale or assignment of any other device which infringes the Patent.

6. There is a substantial likelihood that the plaintiff will prevail upon the merits in the final adjudication of this civil action.

7. Infringement of the Patent results in continuous irreparable injury to the plaintiff for which there is no adequate remedy at law. Congress, in recognition of this fact, has enacted 35 U.S.C. §

283, expressly authorizing injunctive relief against patent infringement in order to preserve the federally mandated monopoly created by federal law for the benefit of the patent holder.

8.  The hardship upon the plaintiff which will ensue from not enjoining further infringement of the Patent is continuous and substantial, time being of the essence, including the financial hardship on the plaintiff in the loss of license fees, royalties and profits. Further financial hardship is caused by defendant's interference with plaintiff's customer development and investor relations, misinterpretation and misrepresentation of the function of the new art taught by the patent, all of which causes interference with plaintiff's efforts to make the new art available in a timely manner to industries faced with pressing air pollution issues.

9.  The issuance of the injunction will not disserve the public interest. To the contrary, granting the injunctive relief sought will serve the express national policy of protecting federally created patent rights.

## COUNT II

### Patent Infringement: Damages

11.  The conduct of defendants as alleged herein constitutes patent infringement entitling the plaintiff to damages and all other remedies at law or in equity pursuant to 35 U.S.C. § 281.

12.  Pursuant to 35 U.S.C. § 284, plaintiff is entitled to an accounting by defendants of all revenues that have been received through the commercial operation of the Infringing Machine(s), to the deliverance to plaintiff of any infringing machines, to the imposition of a constructed trust for the benefit of plaintiff upon all such funds in the custody or control of defendants, and to such other damages to which plaintiff may be determined to be entitled.

## COUNT III

### Patent Infringement: Enhanced Damages and Attorney's Fees

13.  Defendant's infringement as alleged herein is willful and in bad faith. Accordingly, plaintiff is entitled to recover enhanced damages, attorney fees and court costs in addition to his actual damages.

### Relief Requested

WHEREFORE, plaintiff respectfully requests the following relief:

A.    Upon Count I, issuance of a Temporary Restraining Order and preliminary and permanent injunctions prohibiting defendants from operating, assigning, alienating or selling the Infringing Machine and prohibiting all future infringement of the Patent by defendants;

B.    Upon Count II, a judgment of damages against defendants for infringement of the Patent; Interest and costs in the amount of $250,000

C.    Upon Count III, enhanced damages in the amount of $10,000 per calendar day for each calendar day of continuing infringement.; and

D.    Attorney fees and court costs, and all such other relief of whatever nature as may be just and equitable and/or required or permitted by law.

This the 23rd day of February, 2010.

Respectfully submitted,

Garry P. Isaacs, Plaintiff, pro se

## VERIFICATION

STATE OF _____
COUNTY OF _____

Personally appeared before the undersigned attesting officer authorized by law to administer oaths, _____, who, having been first duly sworn, deposes and says that he is the patent owner and that he has authority to verify this Complaint; and that he has read the foregoing Verified Complaint and that its factual averments are true and correct to the best of his knowledge and belief.

This the _____ day of _____, 20_____.