# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| GARRY P. ISAACS,<br><br>　　　　　Plaintiff,<br>vs.<br><br>RANDY WELLS et al.,<br><br>　　　　　Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:10CV162 DAK |

　　　　This matter is before the court on four motions, three of which were filed by Plaintiff, and one was filed by Defendants. The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

　　　　First, Plaintiff has filed a Motion to Strike the First through Seventh Affirmative Defenses.[1] Plaintiff has failed to meet his burden under Rule 12(f) of the Federal Rules of Civil Procedure, as these affirmative defenses do not appear to be redundant, immaterial, impertinent, or scandalous. Plaintiff has argued the merits of the affirmatives defenses, which is premature at this point in the litigation.

　　　　Defendants also assert that Plaintiff has filed a "Motion for Judgement [sic] of Default."[2]

---

[1] Docket # 4.

[2] Docket # 9.

Such a motion is not found in the court docket. In any event, the court would not grant such a motion in any event in light of the court's Order dated April 6, 2010.[3]

Next, Defendant has filed a Motion for Joinder of Necessary Party, claiming that Isavac, LLC is a necessary party to this lawsuit because of its ownership of the '537 Patent. It appears that the court will need to determine the validity of the assignment between Mr. Isaacs and Isavac, LLC ("Isavac"), and thus, under Rule 19 of the Federal Rules of Civil Procedure, the court finds that Isavac is a necessary party for the just adjudication of the claims asserted. The owner of a patent is a necessary party to a case involving alleged patent infringement because only the owner of a patent may sue for infringement. *See* 25 U.S.C. § 281. The court also finds that joinder of Isavac is feasible, as it is subject to service of process and its joinder will not deprive this court of subject matter jurisdiction. Therefore, Defendants motion to join Isavac as a party plaintiff is granted.

The next motion filed is Plaintiff's a Second Motion to Strike[4], which fails for the same reasons as the first motion to strike. Finally, Plaintiff has filed a Motion for Pretrial Conference Hearing on Plaintiff's Motion to Strike.[5] As stated above, the court does not find it necessary to hold a hearing on any of the pending motions.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1)     Plaintiff's Motion to Strike the First Through Seventh Affirmative Defenses [Docket #4]

---

[3] Docket # 5.

[4] Docket # 12.

[5] Docket # 16.

is DENIED;

(2) Defendant's Motion for Joinder of Necessary Party is GRANTED, and Plaintiff is directed to join Isavac as a Plaintiff in this action;

(3) Plaintiff's Second Motion to Strike [Docket # 12] is DENIED;

(4) Plaintiff's Motion for Pretrial Conference Hearing [Docket # 16] is DENIED.

DATED this 5th day of August, 2010.

BY THE COURT:

DALE A. KIMBALL
United States District Judge